IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE CAMPBELL, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>TRANSGENOMIC, INC., PAUL KINNON, ROBERT M. PATZIG, MYA THOMAE, MICHAEL A. LUTHER, and DOIT L. KOPPLER, II,<br><br>                  Defendants. | 4:17CV3021<br><br>ORDER |

       This matter is before the Court on the Motion for Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel and Liaison Counsel (Filing No. 17), filed by Plaintiff, Jesse Campbell. No opposition or other response to the Motion was filed.

       In a putative class action such as this case, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs the court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA establishes a rebuttable presumption that the most adequate plaintiff is the one that (1) filed the complaint or made a motion in response to a published notice; (2) has the largest financial interest in the relief sought by the class, as determined by the court; and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

       On February 17, 2017, Campbell filed a Class Action Complaint for Violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). (Filing No. 1). Campbell filed a signed Certification with the complaint, declaring: he reviewed the complaint and authorized its filing; he "did not purchase the security that is the subject of the complaint at the direction of Plaintiff's counsel or in order to participate in any private action arising under the federal securities laws;" he is "willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;" he collectively purchased 800 shares, which were the "transactions in Transgenomic securities that are the subject of the complaint during the class period specified in the complaint;" in the past

three years, he "has not sought to serve nor has served as a representative party on behalf of a class in an action filed under the federal securities laws;" and he "will not accept payment for serving as a representative party on behalf of a class beyond [his] pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court." (Filing No. 1-1). Campbell's Certification complies with the requirements set forth in 15 U.S.C. § 78u-4(a)(2).

On May 25, 2017, Campbell published notice via *PRNewsWire*, a widely circulated national business-oriented wire service, advising purported Class members of the pendency of this action, the claims asserted herein, and the purported class members' right to move this Court to be appointed Lead Plaintiff. (Filing No. 17-2). Campbell's published notice complies with 15 U.S.C. § 78u-4(a)(3)(A)(i).

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), any member of the purported class may move the court to serve as lead plaintiff not later than 60 days after the date on which the above notice is published. Therefore, in this case, any purported class member desiring to be appointed Lead Plaintiff was required to file a motion for such appointment on or before July 24, 2017. Campbell timely filed the instant motion to be appointed as lead plaintiff on July 24, 2017. (Filing No. 17). No other person or group has filed a motion to be appointed as lead plaintiff.

Campbell asserts he has the largest financial interest in the relief sought by the class. Campbell owns 800 shares of Transgenomic stock and no other person or group has sought to serve as lead plaintiff. Therefore, the Court finds Campbell has the largest financial interest in the relief sought. See *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 64 (D. Mass. 1996) (concluding that when "no other persons have sought to be appointed lead plaintiff," the movant has the largest financial interest in the relief sought by the class).

Finally, after review of the complaint and the supporting documents submitted with this motion, the Court finds Campbell preliminarily satisfies the requirements of Fed. R. Civ. P. 23. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Therefore, the Court finds Plaintiff, Jesse Campbell, should be appointed as the Lead Plaintiff in this case.

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the most adequate plaintiff can select and retain counsel to represent the class. The Court approves Campbell's selection of Monteverde & Associates PC to serve as Lead Counsel for the purported class, and Kinsey Rowe Becker &

Kistler, LLP to serve as Liaison Counsel for the purported class. In consideration of the above, and for good cause shown,

**IT IS ORDERED:**

1. Plaintiff Jesse Campbell's Motion for Appointment as Lead Plaintiff and Approval of his Selection of Lead Counsel and Liaison Counsel ([Filing No. 17](#)) is granted;
2. Jesse Campbell is appointed as Lead Plaintiff for the purported class;
3. The law firm of Monteverde & Associates PC is approved to serve as Lead Counsel for the Lead Plaintiff and the purported class; and
4. The law firm of Kinsey Rowe Becker & Kistler, LLP is approved as Liaison Counsel for the Lead Plaintiff and the purported class.
5. Pursuant to the parties' Stipulation ([Filing No. 14](#)) and the Court's Order approving the same ([Filing No. 15](#)), the Lead Plaintiff shall file an Amended Complaint, if any, on or before **August 25, 2017**.
6. If the Lead Plaintiff does not file an Amended Complaint, Defendants' Answer to the Complaint is due on or before **September 8, 2017.**

**DATED this 9th day of August.**

                                          **s/ Michael D. Nelson**
                                          **United States Magistrate Judge**