# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE CAMPBELL, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>    v.<br><br>TRANSGENOMIC, INC., PRECIPIO, INC., and PAUL KINNON,<br><br>       Defendants. | Civil Action No. 4:17-cv-03021 |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**IF YOU PURCHASED, SOLD, OR HELD TRANSGENOMIC, INC. ("TRANSGENOMIC") COMMON STOCK DURING THE PERIOD FROM AND INCLUDING APRIL 12, 2017, THE RECORD DATE FOR VOTING ON THE MERGER between TRANSGENOMIC and PRECIPIO DIAGNOSTICS, LLC, THROUGH AND INCLUDING JUNE 30, 2017, THE DATE THE MERGER WAS COMPLETED, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT. CERTAIN PERSONS ARE EXCLUDED FROM THE CLASS AS SET FORTH BELOW.[1]**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The Settlement will provide $1,950,000.00 in cash to pay claims of all Class Members. For an estimate of how much you could receive from this Settlement, see the discussion at Question 9 of this Notice. The Settlement resolves a lawsuit claiming that Defendants issued a materially false and misleading Proxy Statement (the "Proxy Statement") in violation of §14(a) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78n(a) and §78t(a), in connection with the proposed merger between Transgenomic and Precipio Diagnostics, LLC. The Defendants deny they did anything wrong. The Settlement avoids the costs and risks associated with continued litigation (including the danger of no recovery), provides a monetary benefit to the Class, and releases the Defendants from liability.

- The proposed Settlement should be compared to the risk of no recovery. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many issues about which the parties do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; and (2) the amount of damages (if any) that could be recovered at trial.

- For the past two years, Lead Plaintiff's counsel have not received payment for their work investigating the facts, prosecuting this Action, and negotiating the proposed Settlement on behalf of Lead Plaintiff and the Class. Lead Plaintiff's counsel will ask the Court to award litigation expenses of no more than $200,000 from the Settlement Fund and an award of attorneys' fees of 1/3 of the Settlement Fund. Lead Counsel also may apply for the reimbursement of Lead Plaintiff's time and expenses pursuant to 15 U.S.C. §78u-4(a)(4).

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Proof of Claim and Release Form** | The only way to get a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |
| **Do Nothing** | Get no payment. Give up your rights. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever bring a lawsuit against Defendants concerning the legal claims at issue in this case. |
| **Object to the Settlement and Attorneys' Fees and Expenses** | Write to the Court about why you don't like the Settlement, Plan of Allocation, or the requested attorneys' fees and expenses. |

- The following deadlines apply to your rights and options in this Action:

    Submit Claim: _____, 2019

    Request Exclusion: _____, 2019

    File Objection: _____, 2019

    Final Approval Hearing of Settlement: _____, 2019

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

---

[1] This Notice incorporates by reference the definitions in the Stipulation of Settlement dated as of June 21, 2019 ("Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation. The Stipulation can be obtained at www..com.

## WHAT THIS NOTICE CONTAINS

**Basic Information**     **Page 3**
1. Why did I receive this Notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

**Who Is in the Settlement?**     **Page 3-4**
5. How do I know if I am part of the Settlement?
6. What are the exceptions to being included?
7. I'm still not sure if I am included.

**The Settlement Benefits – What You Get**     **Page 4**
8. What does the Settlement provide?
9. How much will my payment be?

**How You Obtain a Payment – Submitting a Proof of Claim and Release**     **Page 5**
10. How will I obtain a payment?
11. When will I receive my payment?
12. What am I giving up to receive a payment or stay in the Class?

**Excluding Yourself from the Settlement**     **Page 5**
13. How do I get out of the Class?
14. If I do not exclude myself, can I sue for the same thing later?
15. If I exclude myself, can I receive money from this Settlement?

**The Lawyers Representing You**     **Page 6**
16. Do I have a lawyer in this case?
17. How will the lawyers be paid?

**Objecting to the Settlement, Plan of Allocation, or Attorneys' Fees and Expenses**     **Page 6**
18. How do I tell the Court that I do not like the Settlement, Plan of Allocation, or the amount of requested attorneys' fees and expenses?
19. What's the difference between objecting and excluding?

**The Court's Final Approval Hearing**     **Page 7**
20. When and where will the Court decide whether to approve the Settlement?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

**If You Do Nothing**     **Page 7**
23. What happens if I do nothing at all?

**Getting More Information**     **Page 7-8**
24. Are there more details about the Settlement?
25. How do I get more information?

# BASIC INFORMATION

## 1. Why did I receive this Notice package?

You may have purchased, sold, or held shares of Transgenomic common stock during the time period from and including the record date, April 12, 2017 through and including June 30, 2017.

The Court directed that this Notice be sent to you because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement, and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

Chief Judge John M. Gerrard of the United States District Court for the District of Nebraska (the "Court") is in charge of the case, and the case is known as *Campbell v. Transgenomic, Inc., et al., Civil No. 4:17-cv-03021*.

## 2. What is this lawsuit about?

The Action claims that the Proxy Statement disseminated to shareholders in connection with the proposed merger between Transgenomic and Precipio Diagnostics, LLC contained materially false and misleading statements and failed to include information concerning the Company's financial projections in violation of §14(a) and §20(a) of the Securities Exchange Act of 1934. All Defendants deny they or their Related Parties did anything wrong or that Lead Plaintiff or other Members of the Class suffered any damages.

## 3. Why is this a class action?

In a class action, one or more people called plaintiff(s) (in this case Jesse Campbell, who was appointed by the Court as Lead Plaintiff) sue on behalf of people who have similar claims, called the Class or Class Members. One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class.

## 4. Why is there a Settlement?

The Court did not decide in favor of Lead Plaintiff or the Defendants who are currently part of the case. Instead, all parties agreed to a Settlement. By agreeing to a Settlement, the parties avoid the cost and uncertainty of further litigation and a possible trial (including any appeals) and allow eligible Class Members who submit valid claims to receive a payment. Lead Plaintiff and his attorneys believe the Settlement is in the best interests of the Class.

# WHO IS IN THE SETTLEMENT?

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

## 5. How do I know if I am part of the Settlement?

The Court directed that everyone who fits this description is a Class Member: who purchased, sold or held Transgenomic common stock during the period from and including April 12, 2017, the record date for Transgenomic's special stockholder meeting regarding the Merger, through and including June 30, 2017, the date the Merger closed. Under the Plan of Allocation proposed by Plaintiff's Counsel and described below, only Class Members who were holders of record of Transgenomic common stock at the close of business on April 12, 2017, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery – this aligns the recovery with those who have legal standing to bring the claims currently asserted in the Litigation. Certain persons are excluded from the Class, as described below.

### 6. What are the exceptions to being included?

Excluded from the Class are (i) Defendants; (ii) members of the immediate families of each Defendant; (iii) Transgenomic's subsidiaries and affiliates; (iv) any entity in which any Defendant has a controlling interest; and (v) the legal representatives, heirs, successors, administrators, executors, and assigns of each Defendant. Also excluded from the Class are those Persons who properly exclude themselves by timely and validly requesting exclusion from the Class pursuant to this Notice..

### 7. I am still not sure if I am included.

If you are still not sure if you are included, you can ask for free help. You can visit www..com for more information. You can also contact the Lead Counsel, listed below:

>Juan E. Monteverde
>Monteverde & Associates PC
>The Empire State Building
>350 5th Ave, Suite 4405
>New York, NY 10118
>(212) 971-1341

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the Settlement provide?

Defendants have agreed to pay $1,950,000.00 in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses, Lead Plaintiff's time and expenses, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund") will be divided among all eligible Class Members who send in valid claim forms.

### 9. How much will my payment be?

Pursuant to the Settlement described herein, the Settlement Amount is $1,950,000. Under the Plan of Allocation proposed by Plaintiff's Counsel, only Class Members who were holders of record of Transgenomic common stock at the close of business on April 12, 2017, and were thus holders of record entitled to vote on the Merger, and who submit a valid Proof of Claim to the Claims Administrator, may share in the recovery, *pro rata* with their stock holdings (the proposed "Plan of Allocation") – this aligns the recovery with those who have legal standing to bring the claims currently asserted in the Litigation. Your actual recovery will be a proportion of the Net Settlement Fund determined by your claim as compared to the total claims of all eligible Class Members who submit acceptable Proofs of Claim. You may receive more or less than the estimated average amount provided below depending on the number of claims submitted. Assuming that all of the shares outstanding at the time of the Merger (other than those held by Defendants or other excluded Persons) participate in this Settlement, Lead Plaintiff's counsel estimates that the estimated average distribution will be approximately $0.07 per share of Transgenomic common stock before the deduction of Court-approved fees and expenses, as described in Question 17 below (estimated to be approximately $0.04 per share), and the cost of notice and claims administration. Historically, less than all eligible investors submit claims, resulting in higher average distributions per share. The Net Settlement Fund will be distributed to Class Members who submit valid, timely Proof of Claim and Release forms ("Claimants") on a pro rata basis. However, no distributions will be made to Claimants who would otherwise receive a distribution of less than $10.00.

Payment shall be conclusive against all Claimants. No Person shall have any claim against Lead Plaintiff's counsel, Lead Plaintiff, the Claims Administrator, Defendants and their Related Parties, including defense counsel, or any Person designated by Lead Plaintiff's counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, or further order(s) of the Court. No Class Member shall have any claim against any Released Persons for any Released Claims. All Class Members who fail to complete and file a valid and timely Proof of Claim and Release form shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given. Any Plan of Allocation is not part of the Stipulation, and Defendants and their Related Parties shall have no responsibility or liability with respect to the Plan of Allocation.

## HOW YOU OBTAIN A PAYMENT – SUBMITTING CLAIM AND RELEASE FORM

### 10. How will I obtain a payment?

To qualify for payment, you must be an eligible Class Member, send in a valid claim form, and properly document your claim as requested in the claim form. A claim form is enclosed with this Notice. You may also obtain a Proof of Claim and Release form at www..com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail or submit it online no later than _____, 2019. The claim form can be submitted online at www..com.

### 11. When will I receive my payment?

The Court will hold a hearing on _____, 2019 to decide whether to approve the Settlement. If Judge Gerrard approves the Settlement, there may be appeals. It is always uncertain how these appeals will be resolved, and resolving them can take time, perhaps several years. Everyone who sends in a claim form will be informed of the determination with respect to their claim. Please be patient.

### 12. What am I giving up to receive a payment or stay in the Class?

Unless you timely and validly exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Persons, including Defendants, about the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you and you will release your claims in this case against the Released Persons, including Defendants. The terms of the release are included in the enclosed claim form. You can maintain your own lawsuit only if you exclude yourself from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep the right to sue or continue to sue on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class.

### 13. How do I get out of the Class?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the class in *Campbell v. Transgenomic, Inc., et al., Civil No. 4:17-cv-03021*. You must provide the following information: (a) name; (b) address; (c) telephone number; (d) amount of Transgenomic common stock held during the period from and including April 12, 2017 through and including June 30, 2017; and (e) a statement that you wish to be excluded from the Class. You must mail your exclusion request postmarked no later than _____, 2019 to:

*Transgenomic, Inc. Securities Litigation*
c/o
P.O. Box

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you will not receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 14. If I do not exclude myself, can I sue for the same thing later?

No. Unless you timely and validly exclude yourself, you give up any right to sue for the Released Claims in this Settlement. If you have a pending lawsuit against any of the Released Persons, speak to your lawyer in that case immediately. Remember, the exclusion deadline is _____, 2019.

### 15. If I exclude myself, can I receive money from this Settlement?

No. If you exclude yourself, do not send in a Proof of Claim and Release form. But you may be able to sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

Yes. The Court appointed Monteverde & Associates PC to lead the litigation, which the Lead Plaintiff brought on behalf of himself and all other Class Members. These lawyers are called Lead Counsel. You will not be charged directly for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17. How will the lawyers be paid?

In the two years that this Action has been pending, Lead Counsel have not been paid for their services on behalf of Lead Plaintiff and the Class, nor for their substantial expenses. The fee requested is to compensate Lead Counsel for their work investigating the facts, litigating the case over the past two years, and negotiating the Settlement.

Lead Counsel will ask the Court to award litigation expenses of no more than $200,000 and a payment of 1/3 of the Settlement Fund for attorneys' fees. The fee requested is well within the range of fees awarded to class counsel in similar cases. Lead Counsel may also seek the Court's approval to pay Lead Plaintiff reasonable time and expenses directly relating to the representation of the Class. The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT, PLAN OF ALLOCATION, OR ANY REQUEST FOR THE PAYMENT OF ATTORNEYS' FEES AND EXPENSES

You can tell the Court that you do not agree with the Settlement or the request for fees and expenses or some part of these matters.

### 18. How do I tell the Court that I do not like the Settlement, Plan of Allocation, or the amount of requested attorneys' fees and expenses?

If you are a Class Member, you can object to the Settlement, the Plan of Allocation, or the request for fees and expenses if you do not like any part of these matters. You can state the reasons why you think the Court should not approve any of the relief sought. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Campbell v. Transgenomic, Inc., et al., Civil No. 4:17-cv-03021*. Be sure to include your name, address, telephone number, your signature, the number of shares of Transgenomic common stock you held during the period from and including April 12, 2017 through and including June 30, 2017, and the reason(s) why you object to the Settlement, Plan of Allocation, or the request for fees and expenses. Mail the objection to the Court, Lead Counsel, and Defense Counsel in time for it to be received no later than _____, 2019:

| COURT | LEAD COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the District of Nebraska,<br>586 Federal Building,<br>100 Centennial Mall North<br>Lincoln, NE 68508 | Juan E. Monteverde<br>Monteverde & Associates PC<br>The Empire State Building<br>350 5th Ave, Suite 4405<br>New York, NY 10118 | Deborah S. Birnbach<br>Goodwin Procter LLP<br>100 Northern Ave.<br>Boston, MA 02210 |

### 19. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you do not like something about the Settlement, Plan of Allocation, or the fee and expense request. You can object only if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 20. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at \_\_\_\_ **a.m. on** _____, **2019**, before the Honorable John M. Gerrard at the U.S. District Court for the District of Nebraska, 586 Federal Building, 100 Centennial Mall North Lincoln, NE 68508. At this Final Approval Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Gerrard will listen to people who have asked to speak at the Final Approval Hearing. The Court will also consider whether to approve the Settlement, the Plan of Allocation, and the fee and expense requests. The Court may decide the issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 21. Do I have to come to the Final Approval Hearing?

No. Lead Counsel will answer questions Judge Gerrard may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 22. May I speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that it is your intention to appear in *Campbell v. Transgenomic, Inc., et al., Civil No. 4:17-cv-03021*. Be sure to include your name, address, telephone number, the number of shares of Transgenomic common stock you held during the period from and including April 12, 2017 through and including June 30, 2017, and your signature. Your notice of intention to appear must be received no later than _____, **2019**, by the Clerk of the Court, Lead Counsel, and Defense Counsel, at the addresses listed above in Question 18.

You cannot speak at the Final Approval Hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

### 23. What happens if I do nothing at all?

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit about the Released Claims in this case.

## GETTING MORE INFORMATION

### 24. Are there more details about the Settlement?

This Notice summarizes the proposed Settlement. More details are in the Stipulation dated as of June 21, 2019. You can obtain a copy of the Stipulation by writing to Lead Plaintiff's counsel—Juan E. Monteverde, Monteverde & Associates PC, The Empire State Building, 350 5th Ave, Suite 4405, New York, NY 10118—or from the Clerk's office at the United States District Court for the District of Nebraska, 586 Federal Building, 100 Centennial Mall North Lincoln, NE 68508, during regular business hours. The Stipulation may also be downloaded at www..com.

### 25. How do I get more information?

For more information, you can visit www..com or call toll-free (888) -. You can also contact the attorneys for Lead

Plaintiff, listed below:

> Juan E. Monteverde
> Monteverde & Associates PC
> The Empire State Building
> 350 5th Ave, Suite 4405
> New York, NY 10118
> (212) 971-1341

## **SPECIAL NOTICE TO NOMINEES**

The Court has ordered that if you held any Transgenomic common stock at any point in time from April 12, 2017 through June 30, 2017 as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Transgenomic, Inc. Securities Litigation*
c/o
P.O. Box

Online Submissions: www..com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

*DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

**DATED:**  **BY ORDER OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF NEBRASKA**