IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JESSE CAMPBELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSGENOMIC, INC., et al.,<br><br>Defendants. | 4:17-CV-3021<br><br>MEMORANDUM AND ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS-ACTION SETTLEMENT, AND APPROVING FORM AND MANNER OF NOTICE |

This matter is before the Court on the parties' Joint Stipulation Regarding Settlement Order (filing 60) and Lead Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement, Certification of the Settlement Class, and Approval of the Notice to the Class (filing 61), asking the Court for an order pursuant to Fed. R. Civ. P. 23(b) and (e) that certifies a settlement class, preliminarily approves a settlement, and approves forms and a program for class notice. The Court will grant the motion.

Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a class so large that joinder of all members is impracticable); (2) commonality (questions of law or fact common to the class); (3) typicality (named parties' claims or defenses are typical of the class); and (4) adequacy of representation (representatives will fairly and adequately protect the interests of the class). *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Those requirements are met in this case.

The numerosity requirement is met because the plaintiffs represent, and the defendants agree, that although the exact size of the class is not yet known, there were hundreds, if not thousands, of people who bought, sold, or held

shares of Transgenomic common stock during the relevant time period. Filing 62 at 22; see also *Ray v. TierOne Corp.*, No. 4:10-CV-3177, 2012 WL 2866577, at *4 (D. Neb. July 12, 2012). Commonality is satisfied because the legal and factual issues surrounding the defendants' course of conduct arise out of the same Proxy and the Supplemental Disclosures regarding the Merger sent to class members. *See* filing 62 at 23. Typicality is present for the same reason: typicality means that there are other members of the class who have the same or similar grievances as the plaintiff. *Paxton v. Union Nat. Bank*, 688 F.2d 552, 562 (8th Cir. 1982). And adequacy of representation is present because there's no conflict of interest between the named parties and the classes they seek to represent—they possess the same interest and injury as the class members. *See Amchem*, 521 U.S. at 625-26.

If the requirements of Rule 23(a) have been met, a class action may be maintained in the circumstances defined by Rule 23(b)(1), (2), or (3). Here, certification under Rule 23(b)(3) is appropriate, because "the questions of law or fact common to class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id*.

The predominance inquiry is satisfied because the "proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. The class members received the same Proxy and the Supplemental Disclosures regarding the Merger during the same timeframe. *See* 15 U.S.C. § 1692k(a); Neb. Rev. Stat. § 59-1609. Predominance is "a test readily met" in cases involving alleged consumer or securities fraud, *see Amchem*, 521 U.S. at 625, and this is such a case. And a class action will "achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly

situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id*. at 615 (cleaned up).

Finally, with respect to notice, the Court finds that the form, content, and method of disseminating notice to the class members, including the published notice and individual notices to identified class members, were adequate and reasonable and constituted the best notice practicable under the circumstances, satisfying Rule 23(c)(2)(B). By virtue of the fact that an action maintained as a class suit under Rule 23 has res judicata effect on all members of the class, due process requires that notice of a proposed settlement be given to the class. *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975). The notice given must be reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Id.* In addition, the notice must reasonably to convey the required information and it must afford a reasonable time for those interested to make their appearance. *Id.* The contents must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. *Id.* at 122.

The notice given in this case meets those requirements; it informs the class members of the action and their options, accurately characterized all the pertinent terms of the settlement agreement (including attorney fees and expenses), and affords the class members a reasonable opportunity to object. The notice will be sent directly to shareholders who purchased, sold, or held shares of Transgenomic stock during the relevant time period and notice by publication will also be provided identifying a website where further information can be obtained. *See* filing 60-1 at 1-10. In short, the notice satisfies the requirements of Rule 23 and due process.

IT IS ORDERED:

1. The parties' Joint Stipulation Regarding Settlement Order (filing 60) is approved.

2. Lead Plaintiff's Unopposed Motion for Preliminary Approval of the Settlement, Certification of the Settlement Class, and Approval of the Notice to the Class (filing 61) is granted.

3. The agreements, terms, and conditions of the Stipulation of Settlement are preliminarily approved pending a Fairness Hearing.

4. For settlement purposes only, this action may be maintained as a class action on behalf of all those who purchased, sold or held Transgenomic common stock during the period from and including April 12, 2017, the record date for Transgenomic's special stockholder meeting regarding the merger between Transgenomic and Precipio Diagnostics, LLC through and including June 30, 2017, the date the merger closed.

5. Excluded from the classes are:

    (a) The defendants;
    (b) Members of the immediate families of each defendant;
    (c) Transgenomic's subsidiaries and affiliates;
    (d) Any entity in which any defendant has a controlling interest;

  (e)  The legal representatives, heirs, successors, administrators, executors, and assigns of each defendant; and

  (f)  Any class member who timely and validly requests exclusion.

6. If the settlement fails to become effective as defined in the Stipulation of Settlement or is terminated, then, in any such event, the Stipulation, including any amendment (except as expressly provided in the Stipulation), and this order shall be null and void, and without prejudice to any settling party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the settling parties, who shall be deemed to have reverted to their respective litigation positions in the litigation as of May 10, 2019.

7. Jesse Campbell is designated as the class representative.

8. Monteverde & Associates PC are appointed as settlement class counsel.

9. RG/2 Claims Administration is appointed as claims administrator.

10. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (filing 60-1), Proof of Claim and Release (filing 60-2), and Summary Notice (filing 60-3).

11. The Claims Administrator shall make reasonable efforts to identify all persons who are members of the class and not later than July 31, 2019, the Claims Administrator shall cause a copy of the Notice and Proof of Claim and Release, substantially in the forms of filing 60-1 and filing 60-2, to be mailed by first class mail to all class members who can be identified with reasonable effort and to be posted on its website at https://www.rg2claims.com/.

12. Not later than August 21, 2019, the Claims Administrator shall cause the Summary Notice to be published once over the PR Newswire.

13. Not later than October 28, 2019 counsel for the defendants and settlement class counsel shall jointly file with the Court an affidavit from a representative of the Claims Administrator confirming that notice has been accomplished.

14. Nominees who held, purchased or acquired Transgenomic common stock for the benefit of another person during the time period from and including April 12, 2017 through and including June 30, 2017 shall be directed to send the Notice and Proof of Claim and Release to the beneficial owners of Transgenomic common stock within fifteen (15) calendar days after receipt, or send a list of the names and addresses of the beneficial owners to the Claims Administrator within fifteen (15) calendar days of receipt, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim and Release to the beneficial owners.

15. All fees, costs, and expenses incurred in notifying class members shall be paid from the Settlement Fund and in no event shall any of the defendants or related parties bear any responsibility for such fees, costs or expenses. All reasonable expenses incurred in identifying and notifying class members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation of Settlement. In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither the class representative nor any of his counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶ 2.8 of the Stipulation.

16. Any person falling within the definition of the class may, upon request, be excluded or "opt out" from the class. Any such person must submit to the Claims Administrator a request for exclusion by first class mail postmarked no later than October 4, 2019, made in accordance with the instructions set forth in the Notice. A request for exclusion must be signed and state:

    (a) the name, address, and telephone number of the person requesting exclusion;

    (b) the number of shares of Transgenomic common stock held, purchased, acquired or sold during the during the time period from and including April 12, 2017 through and including June 30, 2017 and the dates held during that period; and

(c) that the person wishes to be excluded from the class.

17. All persons who submit valid and timely requests for exclusion in the manner set forth in the preceding paragraph shall have no rights under the Stipulation of Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or final judgment.

18. Settlement class counsel shall cause to be provided to the defendants' counsel copies of all requests for exclusion and a list of all class members who have requested exclusion, and any written revocation of requests for exclusion, as expeditiously as possible but in any event no later than October 28, 2019.

19. A Fairness Hearing shall be held on November 4, 2019, at 11:30 a.m. before the undersigned in Courtroom 1, Robert V. Denney Federal Building, 100 Centennial Mall North, Lincoln, Nebraska. The date of the Fairness Hearing will be included in the Notice. The purpose of the Fairness Hearing will be to:

(a) Determine whether the Stipulation of Settlement is fair, reasonable, and adequate, and should be finally approved;

(b) Determine whether an order and judgment should be entered dismissing the claims of the class members and bringing the litigation of those claims to a conclusion; and

    (c)    other settlement-related matters, including whether the proposed plan of allocation should be approved, any incentive award to the class representative, and appropriate attorney's fees and costs.

The Court may adjourn, continue, and reconvene the Fairness Hearing by oral announcement without further notice to the class members, and the Court may consider and grant final approval of the Stipulation of Settlement, with or without minor modification, and without further notice to class members.

20. On or before July 22, 2019, the parties shall file a declaration with the Court certifying that any notice required by the Class Action Fairness Act, 28 U.S.C. 1715(d), has been sent by United States mail to the appropriate governmental entities.

21. Any member of the class may appear and object who has any reason why the proposed settlement of the litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered, why the plan of allocation should not be approved, or why fees and expenses should not be awarded to settlement class counsel or the class representative. No class member or any other person, however, shall contest the approval of the terms and conditions of the Stipulation of Settlement, or, if approved, the order and final judgment approving it, or the order approving the plan of allocation, or any fees and expenses to be awarded to counsel or the class representative, unless written objections and

copies of any papers and briefs are sent on or before October 4, 2019, to:

> Monteverde & Associates PC
> 350 5th Ave, Suite 4405
> New York, NY 10018

and

> U.S. District Court for the District of Nebraska
> Robert V. Denney Federal Building, Room 586
> 100 Centennial Mall North
> Lincoln, NE 68508.

22. Any such objection must:

   (a) indicate the objector's name, address, and telephone number;

   (b) specify the reasons for the objection;

   (c) identify the dates, prices, and numbers of shares of Transgenomic common stock held, purchased, acquired or sold during the during the time period from and including April 12, 2017 through and including June 30, 2017 by the objector;

   (d) provide documents demonstrating such holdings, purchases, acquisitions and/or sales; and

   (e) be signed by the objector.

23. Any member of the class who does not object shall be deemed to have waived objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed settlement as incorporated in the stipulation, to the plan of allocation, and to the award of fees and expenses to class counsel or the class representative, unless otherwise ordered by the Court. Attendance at the final approval hearing is not necessary. However, persons wishing to be heard orally in opposition to the approval of the settlement, the plan of allocation, or the application for an award of fees and expenses are required to indicate in their written objection their intention to appear at the hearing. Class members do not need to appear at the final approval hearing or take any other action to indicate their approval of the settlement.

24. All funds held by the escrow agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they are distributed pursuant to the settlement or further orders of the Court.

25. Class members who wish to participate in the Settlement shall complete and submit the Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Releases must be postmarked or submitted electronically no later than October 29, 2019. Any class member who fails to submit a Proof of Claim and Release within the time provided, or whose Proof of Claim and Release is otherwise not approved, shall in all other respects be bound by all of the terms of the Stipulation and the Settlement, including the

terms of an order and final judgment and the releases provided for, and will be barred from bringing any action against the released persons concerning the released claims. Notwithstanding the foregoing, settlement class counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against the class representative, class counsel, or the claims administrator by reason of the decision to exercise or not exercise such discretion.

26. The Proof of Claim and Release submitted by each class member must, unless otherwise ordered by the Court:

(a) be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding paragraph;

(b) be accompanied by adequate supporting documentation for the transactions reported, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation deemed adequate by settlement class counsel or the Claims Administrator;

(c) include in the Proof of Claim and Release a certification of current authority to act on behalf of the class member if the

        person executing the Proof of Claim and Release is acting in a representative capacity;

   (d)    be complete and contain no material deletions or modifications of any of the printed matter contained therein; and

   (e)    be signed under penalty of perjury.

27. By submitting a Proof of Claim, a class member will be deemed to have submitted to the jurisdiction of this Court with respect to the class member's claim, including, but not limited to, all releases provided for in the Stipulation and an order and final judgment.

28. Any member of the class may enter an appearance in the litigation, at his, her, or its own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by settlement class counsel.

29. Pending further order of the Court, all proceedings in this action, other than proceedings necessary to carry out the terms and provisions of the Stipulation of Settlement, or as otherwise directed by the Court, are stayed and suspended.

30. From the date of entry of this Order until the Court holds the Fairness Hearing and determines the matters set forth in this Order, all class members (except those who have requested

exclusion) shall be barred from asserting any claims for which a release will be given if the Court approves the settlement.

31. Upon the entry of final judgment after the Fairness Hearing, all members of the settlement class (except persons who request exclusion pursuant to below) shall be bound by all determinations and judgments in the litigation concerning the settlement, including, but not limited to, the releases provided for, whether favorable or unfavorable to the class, regardless of whether such persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

32. All papers in support of the settlement, plan of allocation, and any application by lead counsel for attorneys' fees and expenses and payment of time and expenses to lead plaintiff shall be filed and served no later than September 30, 2019, and any response shall be filed and served no later than October 28, 2019.

33. Neither the Stipulation of Settlement, nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the stipulation or the settlement may be construed as an admission, concession, or presumption by or against any of the defendants or any other released persons of the truth of any of the allegations in the litigation, or of any liability, fault, or wrongdoing of any kind; or as a waiver by any of

the parties of any arguments, defenses, or claims they may have in the event the stipulation is terminated; or offered or received in evidence, or otherwise used by any person in the litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with a proceeding to enforce the terms of the stipulation. The released persons, class representative, class members, and their counsel may file the Stipulation or an order and final judgment in any action brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim or issue preclusion or similar defense or counterclaim.

34. The parties shall take all reasonable steps necessary to complete the settlement.

Dated this 10th day of July, 2019.

BY THE COURT:

_____
John M. Gerrard
Chief United States District Judge